# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00079-CR

**Erik James Mendoza, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW OF COMAL COUNTY
### NO. 2000CR1182, HONORABLE BRENDA CHAPMAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Erik James Mendoza guilty of evading arrest. Tex. Pen. Code Ann. ' 38.04 (West Supp. 2003). The court assessed punishment at incarceration for 220 days and an $800 fine, but suspended imposition of sentence and placed appellant on community supervision. In a single point of error, appellant contends the court erred by admitting in evidence a statement he made. We overrule this contention and affirm the conviction.

Department of Public Safety Trooper James Jones saw appellant make an unlawful pass on his motorcycle. When Jones approached appellant from the rear and turned on his emergency lights to signal him to stop, appellant did not respond. Jones testified that he pursued appellant for five miles before he stopped.

Appellant filed a motion to suppress all statements he made following the stop.  At a pretrial hearing, the court granted the motion with respect to statements made by appellant to Trooper Jones immediately following the stop.  Because a necessary witness was unable to appear for the pretrial hearing, the court reserved until trial its ruling on the admissibility of appellant=s later statements.[1]

During trial, at a hearing outside the jury=s presence, New Braunfels Police Officer John Sullivan testified that he was in the booking area of the county jail on other business when he overheard appellant tell someone, either a jailer or another prisoner, AI was going about 160 miles an hour.@ Appellant objected to the admission of this statement on the ground that it was hearsay and Apotentially custodial interrogation.@ The objections were overruled and the officer later gave the same testimony before the jury.

---

[1]  The reporter=s record does not contain this pretrial hearing.  We infer what happened from statements made by the parties at trial and at the motion for new trial hearing.

Following his trial, appellant filed a motion for new trial urging that the "verdict in this cause is contrary to the law and the evidence." He later filed an untimely amended motion for new trial in which he argued that the remark overheard by Sullivan should have been suppressed because it was the product of custodial interrogation, that he had not been advised of his rights, and that he would not have responded to the interrogation had he not already made substantially similar statements to the arresting officer. *See Griffin v. State*, 765 S.W.2d 422, 428 (Tex. Crim. App. 1989) ("cat-out-of-the-bag theory"); *but see In re R.J.H.*, 79 S.W.3d 1, 7-8 (Tex. 2002). At a hearing, the court agreed to consider the untimely amended motion for new trial solely as a brief in support of appellant=s earlier motion. The court ruled that it was too late for appellant to offer evidence challenging the admissibility of the statement, however, and overruled the motion for new trial without hearing testimony. Appellant was allowed to make an offer of proof, in which he testified that he was questioned at the jail by Deputy De La Fuentes about the circumstances of his arrest.[2] He said he answered the deputy=s questions because he wanted to tell his side of the story. He said that when asked how fast he was going, he answered that he did not know, thus implicitly denying that he ever said that he was driving 160 miles-per-hour.

Objections to the admission of evidence must be made at the earliest opportunity. Tex. R. Evid. 103(a)(1); Tex. R. App. P. 33.1(a). Appellant did not testify at the mid-trial hearing for the limited purpose of challenging the admissibility of the overheard statement and did not seek to raise his contention under *Griffin* until the untimely motion for new trial. The county court at law properly ruled that appellant=s

---

[2] De La Fuentes also testified outside the jury=s presence during trial. He said that he never spoke to appellant, but that he also overheard him bragging about his speed. The court did not permit De La Fuentes to testify before the jury because his name was not on the State=s witness list.

proffered testimony at the new trial hearing came too late.  We also note that in his offer of proof, appellant

did not testify that he would not have made the statement at issue but for his earlier statements to Jones; to

the contrary, appellant denied making the statement at all.  Thus, even appellant=s offer of proof did not raise

an issue under *Griffin*.  *See Griffin*, 765 S.W.2d at 430.

**4**

Appellant=s sole point of error was not properly preserved and is without merit on the record before us.  We overrule the point of error and affirm the judgment of conviction.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   February 27, 2003

Do Not Publish